Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN FOX, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>     vs. )<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY and DOES 1-10, )<br><br>Defendant(s). ) | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.   VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br>2.   VIOLATION OF THE UNFAIR COMPETITION LAW [CAL. BUS. & PROF. C. § 17200 ET. SEQ.]<br>3.   VIOLATION OF THE FALSE ADVERTISING LAW [CAL. BUS. & PROF. C. § 17500 ET. SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANN FOX ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant PROGRESSIVE CASUALTY INSURANCE COMPANY upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).  Further, Plaintiff alleges violations of the Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et. seq. ("UCL") and the False Advertising Law, Cal. Bus. & Prof. C. § 17500 et. seq. ("FAL") relating to Defendant's unfair business practices in charging consumers without their permission.

3.     Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

5. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff, Ann Fox ("Plaintiff"), is a natural person residing in Santa Barbara County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

8. At all relevant times herein, Defendant, PROGRESSIVE CASUALTY INSURANCE COMPANY ("Defendant" or "Progressive"), is an Ohio Corporation engaged in the business of selling insurance policies nationwide.

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions

complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

11.   Plaintiff purchased a van on or around December 2016 and began looking to purchase car insurance for the vehicle.

12.   During that search in January 2017, Plaintiff called Defendant and spoke about acquiring car insurance from Defendant for the van.

13.   Defendant offered to sell Plaintiff car insurance for $42 per month and Plaintiff agreed to purchase car insurance at that rate and to permit Defendant to automatically withdraw funds from Plaintiff's bank accounts to that effect.  This call was represented by Defendant as being on a recorded line.

14.    One week later, Plaintiff received a letter from Defendant stating that insurance would not be instated unless she signed and returned a form authorizing Defendant to charge Plaintiff $63.05 per month.

15.   Because this was over 50% more expensive than the previous confirmed amount, Plaintiff did not sign and return the form to Defendant and instead obtained car insurance through another provider.

16.   Despite never receiving Plaintiff's permission or consent, Defendant began automatically withdrawing $63.05 from Plaintiff's bank account. Defendant twice wrongfully debited this amount from Plaintiff's bank account, including on February 8, 2017.

17.   Without obtaining authorization from Plaintiff for the increased rates, Defendant began deducting sums from Plaintiff's account on a regular basis.

18.   Plaintiff never provided Defendant with any authorization to deduct these sums of money on a regular recurring basis from Plaintiff's banking account.

19.   Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these

increased recurring or automatic payments.

20.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

21.     Relying on Defendant's assurances that the prices by Defendant would be accurate, Plaintiff decided to purchase insurance from Defendant.

22.     Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

23.     Plaintiff alleges that Defendant's representations were part of a common scheme to mislead consumers and incentivize them to purchase insurance from Defendant.

24.     In purchasing the insurance from Defendant, Plaintiff relied upon Defendant's representations.

25.     Plaintiff would not have purchased insurance from Defendant if she knew that the above-referenced statements made by Defendant were false.

26.     Had Defendant properly marketed, advertised, and represented its services as being 50% higher than the quoted price, Plaintiff would not have offered to purchase Defendant's services.

27.     Defendant benefited from falsely advertising its services. Plaintiff received nothing for giving her money to Defendant. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

28.     Had Defendant properly marketed, advertised, and represented its services, no reasonable consumer who purchased insurance would have believed that they could purchase insurance from Defendant at the price offered to Plaintiff.

29.     The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. &

Prof. Code §§ 17200 et. seq.

30.    Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the insurance to consumers in California.

31.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising its services as free and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

32.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of two proposed classes (jointly "The Classes").  The first Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

33.    The second Class (hereafter "the UCL Class") is defined as follows:

> All consumers in the California, who, between the applicable statute of limitations and the present, purchased insurance from Defendant and were charged more than the advertised and agreed upon price.

34.    Plaintiff represents, and is a member of The UCL Class, consisting of all consumers in the California, who, purchased insurance from Defendant and were charged more than the advertised and agreed upon price within the four years prior to the filing of this Complaint.

35.    Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more.  Thus, this matter should

be certified as a Class Action to assist in the expeditious litigation of the matter.

36. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

37. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

38. There are questions of law and fact common to the EFTA Class affecting the parties to be represented. The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

    a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the increased rate automatic or recurring electronic payments.

    b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

    c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

    d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

39.     There are questions of law and fact common to the UCL Class affecting the parties to be represented.  The questions of law and fact to the UCL Class predominate over questions which may affect individual UCL Class members and include, but are not necessarily limited to, the following:

    a.  Whether Defendant engaged in unlawful, unfair, or deceptive business practices in charging Plaintiff and other Class Members for insurance in excess of the quoted price by Defendant;

    b.  Whether Defendant made misrepresentations with respect to its insurance;

    c.  Whether Defendant profited from charging a higher rate;

    d.  Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., and California Bus. & Prof. Code § 17500, *et seq*.;

    e.  Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    f.  Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    g.  The method of calculation and extent of damages for Plaintiff and Class Members.

40.     As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers and for an amount in excess of the quoted and agreed to price, Plaintiff is asserting claims that are typical of The Classes.

41.     Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

42.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

43.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

44.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### COUNT I:
### VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
### ON BEHALF OF THE EFTA CLASS

45.     Plaintiff reincorporates by reference all of the preceding paragraphs.

46.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall

be provided to the consumer when made."

47.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

48.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

49.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

50.     In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers for the increased rates charged from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

51.     In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>COUNT II:</u>**

**<u>VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200</u>**
**INDIVIDUALLY AND ON BEHALF OF THE UCL CLASS**

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**<u>UNFAIR</u>**

54.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."    Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.   Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

55.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

56.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the UCL Class.   Plaintiff and members of the Class have suffered injury in fact due to Defendant's material and unauthorized changes to the rates charged to consumers.   Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the UCL Class.

57.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant converted large sums of money from Plaintiff and UCL Class members without written authorization or advance notice.  This systematic scheme is tantamount to theft.  Thus, the injury suffered by Plaintiff and the members of the UCL Class is not outweighed by any countervailing benefits to consumers.

58.     Finally, the injury suffered by Plaintiff and members of the UCL Class is not an injury that these consumers could reasonably have avoided.  Defendant misappropriated funds from Plaintiff and other consumers, and these consumers suffered injury in fact due to Defendant's undisclosed and unexpected price increases.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the UCL Class members.  Therefore, the injury suffered by Plaintiff and members of the UCL Class is not an injury which these consumers could reasonably have avoided.

59.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

60.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

61.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

62.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Defendant had a duty to disclose material changes to its rate charges for its insurance, failed to do so, and misappropriated significant sums of money from Plaintiff and UCL Class members, who reasonably relied on Defendant's quoted and agreed to rates, causing considerable actual damages.

63.     Plaintiff's reliance is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

64.     Defendant's undisclosed price hikes, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

65.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

66.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

67.     As explained above, Defendant deceived Plaintiff and other Class

Members by deducting unauthorized sums from their accounts without advanced clear and conspicuous notice of its dramatic price changes.

68.   Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA.

69.   Defendant's conduct caused and continues to cause economic harm to Plaintiff and UCL Class Members.

## COUNT III:

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500 INDIVIDUALLY AND ON BEHALF OF THE UCL CLASS

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. Pursuant to California Business and Professions Code section 17500, et seq., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

72. California Business and Professions Code section 17500, et seq.'s prohibition against false advertising extends to the use of false or misleading oral statements.

73. Defendant misled consumers by making misrepresentations and untrue statements about its insurance, namely, Defendant informed Plaintiff and UCL Class Members that it would charge them one rate for insurance when instead it intended to charge a significantly higher rate, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

74. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other UCL Class Members.

75. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding Defendant's insurance pricing. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased insurance from Defendant. In turn Plaintiff and other Class Members were charged more than represented, and therefore Plaintiff and other Class Members have suffered injury in fact.

76. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

77. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all UCL Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## **TRIAL BY JURY**

78. Pursuant to the seventh amendment to the Constitution of the United

States of America, Plaintiff is entitled to, and demands, a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANN FOX, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, for the following:

a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

b. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c. Actual damages;

d. Restitution of the funds improperly obtained by Defendant;

e. Any and all statutory enhanced damages;

f. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

g. For equitable and injunctive and pursuant to California Business and Professions Code § 17203 & 17503;

h. For prejudgment interest at the legal rate; and

i. Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 18th Day of July, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff